806 F.2d 258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. SHECKLER, Petitioner,
v.
CLINCHFIELD COAL COMPANY and Director, Office of Workers'
Compensation Programs, U.S. Department of Labor,
Respondents.
 No. 84-1756.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 28, 1986.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Gerald F. Sharp on brief, for appellant.
 Michael F. Blair (Penn, Stuart, Eskridge & Jones on brief), for appellee.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 An administrative law judge awarded black lung benefits to Sheckler. Among several x-rays, one had been read positively for simple pneumoconiosis, and, on the basis of that reading, the ALJ invoked the interim presumption under 20 C.F.R. 727.203(a)(1). He considered the results of ventilatory function studies and blood gas tests, and concluded that their values were too high to invoke the interim presumption. Having invoked the interim presumption, however, the ALJ focused his attention upon the deposition of Dr. Abernathy who had examined Sheckler. He rejected Dr. Abernathy's conclusion that Sheckler could still do his usual coal mine work as a trackman because of what he considered to be an internal inconsistency and found that the interim presumption had not been rebutted under 20 C.F.R. 727.203(b).
 
 
 2
 The Benefits Review Board reversed on the ground that the interim presumption had been rebutted as a matter of law. It found that there was no contradiction between the physician's conclusion and the results of the blood gas test, as reported by him.
 
 
 3
 We affirm.
 
 
 4
 A before-exercise test of blood gas produced low values, but an after-exercise test showed improved figures. The physician attributed the low values from the before-exercise test to Sheckler's obesity, and explained that exercise resulted in aeration of all parts of the lungs and produced the improvement in ventilation. The ALJ recognized that the results of the after-exercise test were more significant, but he thought them inconsistent with the physician's conclusion because they were abnormal by the physician's own standards.
 
 
 5
 The results of the blood gas tests were reported on a printed form from the Clinch Valley Community Hospital. It contained a column in which the range of values for normal, healthy persons was printed. Sheckler's after-exercise test produced values well above those fixed in the regulations for invocation of the interim presumption, but, as to the partial pressure of oxygen, the value found was somewhat below that for the normal range printed on the form.
 
 
 6
 Sheckler had been a heavy smoker for many years. Some impairment of his ventilatory function should be expected because of the smoking. The test results indicate that his lungs are not functioning as well as those of a vigorous, healthy non-smoker, but that does not suggest inconsistency with the conclusion that he does not have pneumoconiosis and could still perform his regular coal mine employment. There is a wide gap between absolute normalcy and total disability. Evidence of slight impairment in the breathing function, but at values far above those necessary to trigger a presumption of disability, is not inconsistent with the physician's general conclusion that the patient can still do his accustomed coal mine work.
 
 
 7
 The Benefits Review Board properly concluded that the interim presumption had been rebutted as a matter of law.
 
 
 8
 AFFIRMED.